# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2020

Lyle W. Cayce
Clerk

No. 20-10183
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESSE HARRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-304-7

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:[*]

Jesse Harris pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine. Some members of the conspiracy brought methamphetamine from Mexico and distributed it to Harris and others for resale and use. In one transaction, Harris traded multiple firearms for an

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unknown quantity of methamphetamine. Based on this transaction, the district court applied a two-level increase to Harris's offense level for possession of a firearm in connection with a drug offense. *See* U.S.S.G. § 2D1.1(b)(1). The court also added two levels because the methamphetamine was imported from Mexico. *See* § 2D1.1(b)(5).

Harris contends that the first two-level increase was erroneous because he did not possess a firearm in connection with his drug offense. The district court's decision to apply this increase is a factual determination that is reversible only if it is clearly erroneous. *United States v. Marquez*, 685 F.3d 501, 508 (5th Cir. 2012). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), cmt. 11(A) (2018). "It is not necessary for possession of the weapon to play an integral role in the offense or to be sufficiently connected with the crime to warrant prosecution as an independent firearm offense." *United States v. Villarreal*, 920 F.2d 1218, 1221 (5th Cir. 1991). But here the firearms were an integral part of the transaction itself. As Harris concedes, the firearms were "used as collateral in a barter transaction for narcotics." The two-level increase was not clearly erroneous. *See United States v. Glenn*, 15 F.3d 179, 1994 WL 24871, 6 (5th Cir. 1994) (applying the increase where the defendant "acquired the handgun in exchange for crack"); *see also* 5TH CIR. R. 47.5.3 (stating that unpublished decisions issued before January 1, 1996, are binding precedent).

Next, Harris contends that the two-level increase for imported methamphetamine was erroneous because there was no proof that he knew the drugs came from Mexico. As he concedes this argument is foreclosed by circuit precedent, and he raises the issue only to preserve it for further review. *See United States v. Serfass*, 684 F.3d 548, 552–53 (5th Cir. 2012).

The judgment is AFFIRMED.